UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | |
|---|---|
| JOHNNY MAC WILSON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 3:05-cv-544 |
| ) | 3:04-cr-071 |
| ) | *Jordan* |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Johnny Mac Wilson ("Wilson"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Wilson's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Wilson "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Wilson is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Wilson pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and was sentenced as an armed career criminal under 18 U.S.C. § 924(e) to a term of imprisonment of 200 months. Wilson did not appeal his conviction or sentence. In support of his § 2255 motion to vacate sentence, Wilson alleges the following: (1) ineffective assistance of counsel; (2) illegal sentence enhancement; (3) prosecutorial misconduct; (4) unconstitutional federal jurisdiction; and (5) denial of his Ninth Amendment rights.

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Wilson must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Wilson bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Wilson alleges his attorney failed to investigate the case, failed to challenge Wilson's knowledge of or the location of the firearm, failed to challenge the armed career criminal enhancement, and failed to assist him in filing a direct appeal. Wilson also alleges that, as an officer of the court, his attorney's first interest was to the court which constituted a conflict of interest.

In the factual basis supporting his guilty plea, Wilson agreed in writing to the following:

> On February 8, 2004, an officer with the Anderson County Sheriff's Office conducted a traffic stop on the Defendant, Johnny Mac Wilson, also known as Johnnie Mack Wilson, and also known as Johnny Mack Wilson. The officer knew at the time of the stop that the Defendant had arrest warrants outstanding from Campbell County, Tennessee, and he was arrested. The vehicle the Defendant was driving was impounded and an inventory conducted of its contents. Under the glove box next to the passenger side air vent officers discovered a fully loaded Bryco/Jennings model 48, .380-caliber semiautomatic pistol. When interviewed about the presence of the firearm, the Defendant acknowledged that he knew the firearm was in the vehicle.

[Criminal Action No. 3:04-cr-71, Court File No. 14, Agreed Rule 11 Factual Basis, p. 1].

Wilson states no facts to support his allegations that his attorney failed to investigate the case or failed to argue Wilson's knowledge of or the location of the firearm in the truck.

4

A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Wilson also agreed in the factual basis to his convictions for numerous felonies in Claiborne County, Grainger County, Campbell County, Roane County, Meigs County, and Anderson County, including at least eleven aggravated burglaries. [Criminal Action No. 3:04-cr-71, Court File No. 14, Agreed Rule 11 Factual Basis, pp. 2-3]. Again, Wilson has failed to state any facts in support of his allegation that his attorney did not argue his enhancement as a career offender. Given Wilson's extensive criminal history, it is difficult to envision what argument an attorney could make against a armed career criminal enhancement.

With respect to Wilson's claim that his attorney failed to assist him in filing an appeal, the Sixth Circuit has held that "failure to perfect a direct appeal, in derogation of a defendant's actual request, is a *per se* violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998). The Sixth Circuit emphasized, however, "that a defendant's actual 'request' is still a critical element in the Sixth Amendment Analysis. The Constitution does not require lawyers to advise their clients of the right to appeal." *Id. See also Regalado v. United States*, 334 F.3d 520, 524-526 (6th Cir. 2003) (failure to file an

appeal is not ineffective assistance of counsel where attorney was not specifically instructed to do so).

Wilson does not state that he instructed his attorney to file a direct appeal nor does he state what the basis of the appeal would have been. In his plea agreement, Wilson agreed not to file a direct appeal attacking his conviction. [Criminal Action No. 3:04-cr-71, Court File No. 13, Plea Agreement, P. 5, ¶ 14]. Under these circumstances, Wilson's allegation that his attorney failed to file an appeal does not state a claim of ineffective assistance of counsel.

Wilson's allegation that his attorney had a conflict of interest as an officer of the court is patently frivolous, and he has not supported his claim with any facts. Based upon the foregoing, Wilson has failed to demonstrate he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### B. Illegal Sentence Enhancement

Wilson alleges that his enhancement as an armed career offender violated the Sixth Amendment based upon a recent Supreme Court ruling. Presumably, Wilson is referring to the fairly recent Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). The Sixth Circuit, however, has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 546 U.S. 885 (2005). *See also Valentine v. United States*, 488 F.3d 325, 330 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1311 (2008) ("We hold that petitioners whose convictions became final

prior to *Booker* may not rely on *Booker*'s rule on collateral review."). Accordingly, Wilson is not entitled to relief on this claim.

Wilson also states that his enhancement was never part of the indictment and that he was induced to sign a plea agreement for a charge not on the indictment. Wilson acknowledged in his plea agreement, however, that he was an armed career offender under 18 U.S.C. § 924(e) and thus subject to a statutory mandatory minimum sentence of fifteen years up to a maximum sentence of life imprisonment. [Criminal Action No. 3:04-cr-71, Court File No. 13, Plea Agreement, p. 2, ¶ 3]. Wilson cannot now claim that he was unaware of his status as an armed career criminal.

### C. Prosecutorial Misconduct

Wilson alleges that the prosecution failed to file the notice of his prior convictions as required by 21 U.S.C. § 851. Section 851 applies only when a defendant's sentence on drug charges is being enhanced by his prior convictions. Wilson was convicted of being a felon in possession of a firearm and thus § 851 was not applicable. In any event, the indictment listed Wilson's prior convictions and he was clearly on notice of them. [Criminal Action No. 3:04-cr-71, Court File No. 2, Indictment, pp. 1-3, subparts a-s]. Wilson's claim of prosecutorial misconduct lacks merit.

*D. Unconstitutional Jurisdiction*

Wilson alleges that his conviction was the result of unconstitutional federal jurisdiction in violation of the Tenth Amendment and the Commerce Clause. The Tenth Amendment provides as follows: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively." U.S. Const. amend. X. Wilson does not explain how his conviction violates the Tenth Amendment and such a claim is frivolous.

The Supreme Court and the Sixth Circuit have held that 21 U.S.C. § 922(g) is constitutional on its face under the Commerce Clause. *See Scarborough v. United States*, 431 U.S. 563, 575 (1977); *United States v. Loney*, 331 F.3d 516, 524 (6th Cir. 2003). In his factual basis, Wilson stipulated that the firearm was manufactured outside the State of Tennessee. [Criminal Action No. 3:04-cr-71, Court File No. 14, Agreed Rule 11 Factual Basis, p. 1]. That was sufficient to establish a connection to interstate commerce. *See United States v. Murphy*, 107 F.3d 1199, 1211 (6th Cir. 1997). "[U]nder the *Scarborough* minimal nexus test, 'proof that a firearm was manufactured outside the state in which the possession occurred is sufficient to support a finding that the possession was in or affected interstate commerce.'" *Id*. (quoting *United States v. Vincent*, 20 F.3d 229, 236 (6th Cir. 1994)). Thus, Wilson's objection to the court's jurisdiction lacks merit.

### E. Denial of Ninth Amendment Rights

The Ninth Amendment provides as follows: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. In claiming the violation of his Ninth Amendment rights, Wilson states the following: "Federal government's intrusion to weaken the Bill of Rights and to deny an individual's complete rights under the Constitution." [Civil Action No. 3:05-cv-544, Court File No. 1, Motion to Vacate, Set Aside, or Correct Sentence, p. 9, Ground Five]. Wilson also alleges that this court operated "in violation of Article III." [*Id*. at 10].

Its not clear how Wilson is alleging that his conviction violated his rights under the Ninth Amendment. To the extent Wilson is alleging that this court lacked jurisdiction of his criminal case, such a claim lacks merit. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231. As the Seventh Circuit has noted: "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry." *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also United States v. Titterington*, 374 F.3d 453 (6th Cir. 2004) ("The federal courts' subject-matter jurisdiction to hear federal criminal prosecutions comes from 18 U.S.C. 3231 ....").

IV.     Conclusion

Wilson is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this court will **DENY** Wilson leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.  Wilson having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge